UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20517-CIV-UNGARO-BENAGES

MARIE VICTOR,
    Plaintiff,

vs.

SUNBRIDGE HEALTHCARE CORPORATION
d/b/a SEA CREST NURSING HOME and SEA
CREST HEALTH CARE MANAGEMENT, LLC,
    Defendants.
                                             /

### ORDER GRANTING IN PART SUNBRIDGE HEALTH CARE CORPORATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

       THIS CAUSE came before the Court upon Sunbridge Health Care Corporation's ("Sunbridge") Motion to Dismiss the Second Amended Complaint for Failure to Comply with the Court's Order Dated August 14, 2006, Failure to State a Claim Against This Defendant, or in the Alternative Motion for More Definite Statement, filed September 7, 2006 (DE 29). Plaintiff responded on September 18, 2006 (DE 35) and Sunbridge replied on September 25, 2006 (DE 37). This matter is now ripe for disposition.

       THE COURT has considered the pertinent portions of the record, and is otherwise fully advised in the premises. By way of background, this case, which alleges discrimination based on race and national origin in violation of 42 U.S.C. § 1981, was originally filed in February. Plaintiff amended the complaint to add the additional Defendant Sea Crest Health Care Management, LLC ("Sea Crest"). Sunbridge then filed a Motion to Dismiss the Amended Complaint while Sea Crest answered the Amended Complaint. On August 14, the Court granted Sunbridge's Motion to Dismiss. The Court's Order gave Plaintiff ten days to file a second

amended complaint with the instruction that it, "must include the dates of the Plaintiff's employment, facts which constitute and describe the alleged discriminatory conduct of the Defendants, and the identity of the individuals who allegedly engaged in the unlawful discrimination." On August 22, Plaintiff filed her Second Amended Complaint. On September 7, 2006, Sunbridge filed the present motion before the Court. Sea Crest answered the Second Amended Complaint on September 11, 2006.

## ANALYSIS

*A. The Court's August 14th Order*

As a preliminary matter, Sunbridge argues that Plaintiff's Second Amended Complaint does not comply with the Court's August 14th Order. In the Order, the Court instructed Plaintiff to include the dates of Plaintiff's employment as well as specific allegations of fact describing the circumstances of the discrimination. Upon review of the Second Amended Complaint, the Court finds that it complies with the Court Order. Specifically, paragraph 8 alleges the dates of employment as "from on or about October 17, 2002 through on or about March 16, 2004."[1] Pl.'s 2d Am. Compl. ¶ 8. The Second Amended Complaint also alleges that Ms. Libby, the director of nursing, made several comments such as "these black Haitian women, I just can't stand them"; and that in February 2004, Ms. Evelyn, Plaintiff's supervisor, held a meeting in which she stated that Haitian employees had no skills. Plaintiff complained of the treatment but no action was

---

[1] Sunbridge argues that paragraph 8 containing the dates of employment refers to "[D]efendant" without specifying which Defendant, Sunbridge or Sea Crest. However, when reading the Second Amended Complaint as a whole, it is clear that the dates of employment refer to both Defendants. (Paragraph 4 states, "At all times relevant, Plaintiff Victor was employed by Defendants Sunbridge and Sea Crest and the parties had a contractual relationship with each other." Pl.'s 2d Am. Compl. ¶ 4.) Accordingly, the Court instructs Sunbridge that it should consider paragraphs 8 and 10 as referring to both Defendants.

taken and on March 16, 2004, Ms. Libby fired her. *Id*. ¶¶ 11-15.

*B. Factual Sufficiency of the Second Amended Complaint*

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). *See also* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *See also Brooks*, 116 F.3d at 1369. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Sunbridge argues the claims against it should be dismissed because the facts of the case are not as Plaintiff alleges; therefore Sunbridge did not engage in any of the alleged acts of discrimination and therefore Plaintiff cannot state a claim against it. Sunbridge contends that it employed Plaintiff only from January 6, 2003 until June 30, 2003, when Sunbridge transferred operations to Sea Crest. Additionally, Sunbridge represents, by affidavit of its vice president of human resources and inclusion of an employee roster, that it never employed anyone with the name "Libby" or "Elizabeth" or "Evelyn." Def.'s Mot. Ex. C, D. Sunbridge argues that it is "patently clear" that Sunbridge did not operate the nursing home at the time of the alleged

discriminatory acts.[2]  *Conley v. Gibson* establishes that a court, in testing the sufficiency of a complaint, must not dismiss for failure to state a claim unless it is "beyond a doubt" that plaintiff can prove no set of facts which would entitle her to relief. *Conley*, 355 U.S. at 45-46.  However, this well-settled rule is not an opportunity for defendants to offer alternate facts; rather, it means that a court should determine whether the allegations, if proven, would entitle the plaintiff to relief. *Id*.  Further, the court is required to view the complaint in the light most favorable to the Plaintiff and accept all allegations as true.  *Hishon*, 467 U.S.at 73.  Applying these standards to the instant case, the Court finds it possible that Plaintiff could prove a set of facts that would entitle her to relief against Sunbridge.

Plaintiff alleges in her Second Amended Complaint that she suffered employment discrimination in the form of a hostile work environment because she is black and Haitian.  The elements required to establish a claim for employment discrimination under 42 U.S.C. § 1981 are the same as those required for a claim under Title VII of the Civil Rights Act of 1964. *Howard v. B.P. Oil Co.*, 32 F.3d 520, 524 n.2 (11th Cir.1994).  To establish a hostile work environment claim, the plaintiff must show (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was so severe and pervasive as to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) there exists a basis for holding the employer liable for such environment under either a theory of vicarious or

---

Although review of the facts in the manner offered by Sunbridge is not appropriate at this stage of the litigation, as Plaintiff's factual allegations must be accepted as true, the Court notes that its own examination of the employee roster identifies an "Elizabeth Mack" who was hired in 1972 and was employed by Sunbridge at the same time as Plaintiff, during the period alleged in the Second Amend Complaint. *See* Def.'s Mot. Ex. C.

direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Additionally Sunbridge argues that the complaint should be dismissed because it fails to allege sufficient conduct by Sunbridge to satisfy pleading standards for a discrimination case. Sunbridge cites several cases, including *Cummings v. Palm Beach County* 642 F. Supp. 248, 249 (S.D. Fla. 1986), in arguing that Plaintiff has not pled sufficient facts to put it on notice. The court in *Cummings* acknowledged that federal pleading standards are liberal, but determined that conclusory allegations are not enough to satisfy fair notice. To comply with fair notice, the court reasoned, a complaint should at least allege in general terms acts, customs, practices, and policies of the defendant in a manner sufficient to allow defendant to make an informed response. *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 889 (M.D. Fla. 1996) (citing *Cummings*, 642 F. Supp. at 249). In *Jackson v. Bellsouth Telecommunications*, 181 F. Supp. 2d 1345, 1355 (S.D. Fla. 2001), the court determined that "some meaningful, fact-specific allegation of a causal link between defendants' conduct and plaintiffs' race" was necessary for a § 1981 claim to withstand a motion to dismiss. *Id*. (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 19 (1st Cir. 1989)). Applying the rules of *Cummings* and *Jackson* to the instant case, Plaintiff's Second Amended Complaint alleges sufficient facts to allow Sunbridge to respond. The additional averments of paragraphs 10 through 15 establish that Plaintiff's claim is based on more than conclusory allegations. To the extent that Sunbridge argues that the facts alleged do not apply to them, the Court is satisfied that viewed in the light most favorable to Plaintiff, it is possible that the facts alleged could apply to conduct of Sunbridge and its employees, and that dismissal would be inappropriate at this stage of the litigation.

*C. Race and National Origin Discrimination Under § 1981*

Plaintiff's Second Amended Complaint is pled in four separate counts all based on the same allegedly discriminatory conduct. Counts I and III allege discrimination based on race in violation of § 1981, while Counts II and IV allege discrimination based on national origin in violation of § 1981.[3] Sunbridge argues that Count II fails to state a cause of action for discrimination based on national origin because claims based on national origin are not actionable under 42 U.S.C. § 1981.[4] In *St. Francis College v. Al-Kazhraji*, 481 U.S. 604, 613 (1987), the Supreme Court held that § 1981's prohibition of racial discrimination included intentional discrimination against identifiable classes of persons based on their ancestry or ethnic characteristics. The Supreme Court's decision in *St. Francis* does not overturn the Eleventh Circuit's prior treatment of "national origin" discrimination cases brought under § 1981. The Eleventh Circuit has held that a claim for discrimination based purely on national origin does not create a cause of action under § 1981, but when national origin discrimination is so closely related to racial discrimination as to be indistinguishable it is actionable. *Bullard v. OMI Georgia, Inc*. 640 F.2d 632 (11th Cir. 1981); *see also Alvarado v. El Paso Independent School District*, 445 F.2d 1011 (5th Cir. 1971) (complaint by Mexican-Americans 'clearly states a cause

---

Counts I and II pertain to Sunbridge while Counts III and IV are against Sea Crest.

The statute provides, in relevant part: All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981.

6

of action')[5]; *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 970 (10th Cir. 1979).

The Court finds that Plaintiff's allegations of racial and national origin discrimination are intertwined.  At least one other court in this district declined to dismiss an action brought by black Haitians on the theory of interrelation. *Denis v. New Hope Sugar Co.*, 1987 WL 45142, 44 Fair Empl. Prac. Cas. (BNA) (S.D. Fla. 1987).  Accordingly, Count II does state a claim for racial discrimination under § 1981.  Although Plaintiff mischaracterizes her claim as one of national origin, which would not be actionable, the allegations support a claim for discrimination based on her Haitian ethnicity.

Thus, the Court rejects Sunbridge's argument.  However, the Court finds *Schouten v. CSX Transportation, Inc.*, 58 F. Supp. 2d 614, 618 n.6 (E.D. Pa. 1999) instructive in resolving the issue of bringing two separate claims for discrimination based on the same conduct.  The district court in *Schouten* held that the plaintiff's claim of discrimination on the basis of being Antiguan would be redundant with his race discrimination claim. *Id*.  Likewise, the factual allegations in Plaintiff's Second Amended Complaint do not give rise to separate claims; rather the allegations represent a unified claim for racial discrimination on the basis of black Haitian ethnicity.  Since the allegations in the complaint constitute one count for discrimination against two Defendants rather than two distinct claims, the extraneous count should be dismissed.  Under the circumstances it is appropriate to dismiss the complaint without prejudice and with leave for Plaintiff to amend in order to reformulate the complaint as a single count for each Defendant for violation of 42 U.S.C. § 1981.  As a result, the Court does not reach Sunbridge's Motion for a

---

In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

More Definite Statement.  However, the Court advises Plaintiff to read footnote 1, *supra*, carefully and to redraft the Complaint such that each allegation specifies to which Defendant or Defendants it applies.  It is hereby

ORDERED AND ADJUDGED that Defendant's Motion is GRANTED IN PART.  It is further

ORDERED AND ADJUDGED that the Second Amended Complaint is DISMISSED WITHOUT PREJUDICE and with leave to amend in accordance with this order.  Specifically, iff Plaintiff  wishes to proceed on the related bases of race and national origin discrimination, she shall submit an amended complaint in accordance with this Order (containing two counts: Count I based on race and national origin discrimination against Defendant Sunbridge; and Count II based on race and national origin discrimination against Defendant Sea Crest) no later than 10 days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 23d day of October, 2006.

_____
     URSULA UNGARO-BENAGES
      UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record